**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Chapter of the Sierra Club, et al., | No. CV-24-02348-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Neil Bosworth, et al., | |
| Defendants. | |

In this action, which was filed on September 5, 2024, a pair of nonprofit organizations "challenge[] the U.S. Forest Service's decision to approve the expansion of an open pit mine whose water pumping is drying up Pinto Creek . . . within the Tonto National Forest west of Miami, Arizona." (Doc. 1 ¶¶ 1, 15-16.) The six named defendants are (1) Neil Bosworth, in his official capacity as Forest Supervisor for the Tonto National Forest; (2) the U.S. Forest Service; (3) Thomas Vilsack, in his official capacity as the U.S. Secretary of Agriculture; (4) Jeffrey Humphries, in his official capacity as the Field Supervisor for the U.S. Fish and Wildlife Service's Arizona Ecological Services Office; (5) the U.S. Fish and Wildlife Service; and (6) Debra Haaland, in her official capacity as the U.S. Secretary of the Interior. (*Id.* ¶¶ 21-26.) Plaintiffs bring suit under the Administrative Procedures Act ("APA"), arguing that Defendants' approval of the mine's expansion was arbitrary, capricious, and in violation of the law. (*Id.* ¶¶ 137-70.) In support, Plaintiff invoke certain Forest Service regulations, certain provisions of the National Environmental Policy Act ("NEPA"), and certain provisions of the Endangered

Species Act ("ESA"). (*Id.*) One of the remedies sought by Plaintiffs is an order to "[s]et aside and vacate [certain Defendants'] approval of Pinto Valley Mine's mining plan of operations." (*Id.* at 62.)

On November 26, 2024, the Pinto Valley Mining Company ("PVMC"), which owns the mine in question, filed a motion for intervention. (Doc. 14.) PVMC's essential argument is as follows:

> [T]his lawsuit seeks relief that is squarely aimed at PVMC's MPO [mine plan of operations] and, more broadly, the continuation of its operations at the Pinto Valley Mine. If granted, such relief would significantly impair PVMC's ability to conduct mining operations on its property by preventing the company from using NFS [National Forest Service] lands adjacent to its private land on which it holds unpatented mining claims. Despite the impact of the relief being sought, PVMC has not been joined as a party.
>
> Under these circumstances, PVMC is entitled to intervene of right under Rule 24(a)(2) because PVMC has protectable interests by virtue of its ownership and operation of the Pinto Valley Mine, including the unpatented mining claims that are subject to the MPO, which would be impaired by the relief Plaintiffs seek. In addition, Federal Defendants' interests are not necessarily consistent with PVMC's strictly private interests as mine owner-operator, and they may not adequately protect the interests of PVMC in the continued operation of its mine.
>
> Alternatively, PVMC moves for leave to intervene permissively under Rule 24(b) with respect to Plaintiffs' claims for relief. . . . PVMC's defenses to Plaintiffs' claims raise common questions of fact or law with the main action against Federal Defendants and the relief being sought regarding PVMC's MPO, satisfying the requirements for permissive intervention.

(*Id.* at 2-3, citations omitted.)

Defendants did not respond to PVMC's intervention request, which is tantamount to "a consent to the . . . granting of the motion." *See* LRCiv 7.2(i). Meanwhile, Plaintiffs did respond but clarify in their response brief that they "do not oppose [PVMC's] motion to intervene." (Doc. 16 at 2.) Instead, Plaintiffs simply contend that the Court should "impose two reasonable restrictions on PVMC's participation": (1) "the Court should clarify at the outset that PVMC presumptively may not introduce or rely on post-decisional

1  materials or other extraneous information in seeking to defend the challenged agency
2  actions"; and (2) "the Court should order PVMC not to duplicate the Federal Defendants'
3  arguments and briefing." (*Id.* at 1-4.)
4        In reply, PVMC reasserts that it is entitled to intervene both as of right and
5  permissively (Doc. 17 at 1-2); argues that Plaintiffs' first proposed restriction is both
6  "premature" and unwarranted, because "[t]here is no credible evidence . . . that PVMC
7  would raise new issues" and some of the matters referenced in the intervention motion may
8  be relevant even in light of the limited scope of review in an APA action (*id.* at 2-4); and
9  argues that Plaintiffs' second proposed restriction is unwarranted because "the interests of
10 the [Defendants] as federal land managers and regulators are clearly not the same as
11 PVMC's private economic interests in the Pinto Valley Mine," in part because "[n]either
12 agency is charged with defending PVMC's rights or ensuring its ability to operate" (*id.* at
13 4-6).
14       Given this backdrop, there is not much left to decide.  All parties agree that PVMC
15 is entitled to intervene in this action, so the intervention request is granted.  *United States*
16 *v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).  As for Plaintiffs' first proposed
17 restriction, the Court agrees with PVMC that it would be premature, at this early stage of
18 the case, to decide whether any future arguments PVMC may raise are extraneous or
19 irrelevant.  Of course, PVMC—like any other litigant—should not raise extraneous or
20 irrelevant arguments, but it would accomplish little to enter an order to that effect, directed
21 only toward PVMC, at the outset of the case.  Finally, as for Plaintiffs' second proposed
22 restriction, the Court concludes it is unnecessary to issue a coordination order here given
23 that there are only two sets of defendants and PVMC has identified specific reasons why it
24 may approach the disputed issues from a different perspective than the federal defendants.
25 This determination is without prejudice to Plaintiffs' ability to renew their request for a
26 coordination order at a later stage of this case based on concrete examples of duplicative
27 briefing.
28       …

Accordingly,

**IT IS ORDERED** that PVMC's motion to intervene (Doc. 14) is **granted**.

**IT IS FURTHER ORDERED** that the filing at Doc. 14-1 shall serve as PVMC's answer.

Dated this 10th day of January, 2025.

Dominic W. Lanza
United States District Judge