**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Chapter of the Sierra Club, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Neil Bosworth, et al., <br><br> Defendants. | No. CV-24-02348-PHX-DWL <br><br> **ORDER** |

In this action under the Administrative Procedure Act ("APA"), a pair of nonprofit organizations "challenge[] the U.S. Forest Service's decision to approve the expansion of an open pit mine whose water pumping is drying up Pinto Creek . . . within the Tonto National Forest west of Miami, Arizona." (Doc. 1 ¶¶ 1, 12, 15-16, 49.) The challenged agency actions occurred no later than 2021. (*Id.* ¶¶ 21, 103.) During an earlier stage of the case, the Court granted an intervention request by the Pinto Valley Mining Company ("PVMC"), which owns the mine in question and seeks to defend the Federal Defendants' actions. (Doc. 21.)

Now pending before the Court is PVMC's motion to supplement the administrative record with three "Habitat Monitoring Reports" that were generated between 2022-24 or, in the alternative, to admit those reports as extra-record evidence. (Doc. 31.) As background, PVMC explains that, following the 2021 expansion decision and "[t]o comply with the Biological Resources Monitoring and Mitigation Plan, PVMC retained the firm of WestLand Engineering & Environmental Services ('WestLand') to conduct surveys of the

1  condition of the riparian vegetation and stream features along Pinto Creek, including
2  segments designated as critical habitat for the yellow-billed cuckoo.  Thus far, WestLand
3  has conducted surveys in years 2022, 2023, and 2024.  The Habitat Monitoring Reports
4  document the results of those surveys." (*Id.* at 5.)  According to PVMC, the Habitat
5  Monitoring Reports "will aid the Court in understanding conditions along the relevant
6  reaches of the creek during a period of active mining operations and are directly responsive
7  to Plaintiffs' repeated assertions in their Complaint that PVMC's groundwater pumping is
8  drying up the creek and killing the creek's riparian vegetation." (*Id.* at 6.)  PVMC
9  acknowledges that evidence post-dating the challenged agency decision is ordinarily
10 inadmissible in an APA action but notes that the Ninth Circuit "crafted narrow exceptions
11 to this general rule" in *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2004), and argues
12 that the Habitat Monitoring Reports fall within one of the *Lands Council* exceptions
13 because they will "assist the Court in understanding technical or complex subjects relevant
14 to Plaintiffs' claims." (*Id.* at 4-7.)  In the alternative, PVMC argues the Habitat Monitoring
15 Reports are admissible as extra-record evidence bearing on Plaintiffs' standing and/or the
16 question of the proper remedy. (*Id.* at 7-10.)

17 PVMC's co-Defendants, the Federal Defendants, submitted a response to PVMC's
18 motion. (Doc. 34.)  The Federal Defendants oppose PVMC's request to supplement the
19 administrative record with the Habitat Monitoring Reports, arguing that (1) because the
20 reports "did not even exist at the time those federal agency decisions were made . . . the
21 reports are not properly part of the Administrative Records for this case or properly before
22 the Court in reviewing the federal agency decisions under the [APA]"; (2) although *Lands
23 Council* creates a narrow exception for extra-record materials "necessary to explain
24 technical terms or complex subject matter," "PVMC does not assert that the existing
25 Administrative Records lodged with the Court are inadequate in this regard"; and (3) courts
26 should be particularly "reluctant to rely on materials that not only post-date the agencies'
27 analysis but also are not the agencies' own reviews of the underlying information." (*Id.* at
28 2-6.)  In a footnote, the Federal Defendants clarify that they "take no position" on PVMC's

alternative request to admit the Habitat Monitoring Reports as extra-record evidence bearing on the questions of standing and/or the appropriate remedy. (*Id.* at 6 n.1.)

Plaintiffs also submitted a response to PVMC's motion. (Doc. 33.) Plaintiffs oppose any supplementation of the administrative record for largely the same reasons as the Federal Defendants. (*Id.* at 2-4 ["PVMC identifies no complex, technical issues that the monitoring reports would elucidate."].) As for PVMC's alternative request to admit the Habitat Monitoring Reports as extra-record evidence bearing on standing, Plaintiffs acknowledge that "courts may consider non-record material to evaluate a plaintiff's standing" but argue this "rule may not be used as a back door to introduce evidence on the merits" and that the Habitat Monitoring Reports are not actually relevant in assessing standing because nobody has ever challenged Plaintiffs' standing and Plaintiffs' injury is, at any rate, "the Federal Defendants' decision to allow an existing harm to continue, not some new harm that arose in 2022 or beyond." (*Id.* at 4-6.)[1] Finally, Plaintiffs argue that even if the Habitat Monitoring Reports might theoretically be relevant to the issue of the proper remedy, their admission at this juncture would be premature. (*Id.* at 7.)

In reply, PVMC accuses the Federal Defendants and Plaintiffs of taking an "unnecessarily restrict[ive]" view of the relevant *Lands Council* exception (Doc. 36 at 2-5); argues that its primary purpose in submitting the Habitat Monitoring Reports is to provide "background on the complexities of the creek and the riparian habitat," even if the reports also happen to "show that Plaintiffs['] factual allegations about the impacts of PVMC's groundwater pumping are untrue" (*id.* at 5-6); argues that courts have an independent obligation to assess the plaintiff's standing, that PVMC did, in fact, dispute Plaintiffs' standing in its answer, and that the reports are relevant in assessing Plaintiffs' standing because they have the tendency to disprove one of Plaintiffs' asserted injuries, which is that "the critical habitat for the yellow-billed cuckoo along Pinto Creek is . . . being adversely impacted by PVMC's operations under the new MPO" (*id.* at 6-8); and that the reports are also relevant on the issue of remedy and not premature (*id.* at 8-9).

---

[1] Plaintiffs also object on the ground that the proffered reports are incomplete (Doc. 33 at 6), but PVMC has since filed corrected copies (Doc. 35).

Having carefully considered the parties' arguments, the Court rules as follows. On the one hand, PVMC's request to supplement the administrative record with the Habitat Monitoring Reports is denied. "When reviewing an agency decision, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court. Parties may not use post-decision information as a new rationalization either for sustaining or attacking the Agency's decision." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (cleaned up). The Ninth Circuit has, however, "recognized four exceptions to this rule, allowing extra-record materials (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Id.* (cleaned up). "These exceptions are narrowly construed and applied," *Lands Council*, 395 F.3d at 1030, and the party seeking to invoke an exception bears a "heavy burden," *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

PVMC has not met that heavy burden here. Although PVMC asserts that the Habitat Monitoring Reports will "*assist* the Court in understanding technical or complex subjects relevant to Plaintiffs' claims" (Doc. 31 at 4, emphasis added), the third exception only applies when extra-record evidence is "*necessary* to explain technical terms or complex subject matter." *Ctr. for Biological Diversity*, 450 F.3d at 943 (emphasis added). PVMC has not established that the current administrative record contains unexplained technical terms or that the reports are otherwise necessary to explain complex, technical issues raised (but not properly explained) by the current administrative record. Courts have not hesitated to deny supplementation requests under similar circumstances. *Yellowstone to Uintas Connection v. Bolling*, 2021 WL 5702158, *11 (D. Idaho 2021) ("Exhibits 3-12 are certainly relevant to Plaintiffs' argument and would undoubtedly be useful. But useful is not the same as necessary, and Plaintiffs have provided no evidence these documents are

necessary. . . . Plaintiffs also argue that Exhibits 5 and 8 should be admitted as supplementation to 'explain technical terms or complex subject matter' . . . [but] offer only conclusory allegations and sparse reasoning. Claiming that Exhibits 5 and 8 are 'necessary background and context' is not persuasive, especially as Plaintiffs fail to point to anything in the record that would be unduly technical or complex."); *Bartell Ranch LLC v. McCullough*, 2021 WL 6118738, *5 (D. Nev. 2021) (denying supplementation request where "the Court is left with the impression . . . that Lithium Nevada seeks to use the Monitoring Plan," "not to explain technical subject matter," but "to impermissibly support the 'correctness or wisdom of the agency's decision'") (citation omitted). *See also Alsea Valley Alliance v. Evans*, 143 F. Supp. 2d 1214, 1216 (D. Or. 2001) ("Plaintiffs' argument most closely resembles the third exception . . . [for] 'when supplementing the record is necessary to explain technical terms or complex subject matter.' However, a party may not circumvent the general rule, that judicial review is limited to the administrative record, by simply labeling a declaration as 'assisting the court.' The declaration must be examined to determine whether it truly assists the court in understanding technical or complex matters or merely attempts to argue the sufficiency of the record.") (citation omitted).

On the other hand, to the extent PVMC alternatively seeks to submit the Habitat Monitoring Reports not as part of the administrative record, but as extra-record evidence, that request is granted. Although Plaintiffs contend their "standing is not an issue presently before the Court" (Doc. 33 at 5), this overlooks that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In the complaint, Plaintiffs identify one of their injuries as the ongoing diminution of bird and animal life that has been caused by the challenged decision to approve the mine's expansion: "Without water in the creek, and the lush vegetation and habitat that water supports, the Conservation Groups' members will be unable to enjoy the natural beauty of the creek, the flowing water, the native vegetation, and the wealth of bird and animal life.

These uses and values are, and will continue to be, severely and adversely affected by [the] unlawful decision to approve the mine's expansion and continued operation." (Doc. 1 ¶ 17.) Because the Habitat Monitoring Reports may have the tendency to undermine these allegations, they are relevant on the issue of standing. *See, e.g.*, *Northwest Envt'l Defense Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997) ("We therefore consider the affidavits not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction."); *Mont. Wildlife Fed'n v. Bernhardt*, 2021 WL 4865257, *1 (D. Mont. 2021) (denying motion to strike, where movant argued that certain declarations were "'extra-record' evidence . . . inadmissible under the Administrative Procedure Act," because the proponent "agreed that the Declarations at issue could only be used for standing purposes").[2]

Accordingly,

**IT IS ORDERED** that:

1. PVMC's motion to supplement the administrative record or, in the alternative, to admit extra-record evidence (Doc. 31) is **granted in part and denied in part**, as discussed above.

2. The reports at Doc. 35-1, 35-2, 35-3, 35-4, 35-5, and 35-6 are admitted as extra-record evidence (and not as part of the administrative record).

Dated this 2nd day of July, 2025.

Dominic W. Lanza
United States District Judge

---

[2] It is unnecessary at this time to determine whether the reports may also be considered as extra-record evidence bearing on the issue of the appropriate remedy.